Gray, J.
Two objections are made to this assignment; the first of which is, that it excepts a claim held by the assignor against Heusted & Creed, then in suit. The second, that it, in terms, prohibits a sale or disposition of the assigned property upon a credit.
The exception of the claim specified is in no respect a reservation for the ease, advantage or benefit of the assignor, and therefore forms no just ground of complaint by his creditors. The claim excepted remains as it was before, open to his credi *522 tors, who are not, by any obstacle attempted to be placed in their way by the assignment, in any respect hindered or delayed from instituting appropriate proceedings to reach it, in all respects as if the assignment had not been made. (Pearce v. Jackson, 2 R. I., 35; Burrell on Assignments, 87, 88, 243.)
I cannot discover any possible objection to restricting the assignee against selling upon a credit. Our statute, which prohibits an assignment with intent to hinder and delay creditors, was enacted to prevent debtors from so disposing of their property as to prevent its being converted into money beyond the time within which it could be done by the ordinary course of judicial process; and under it an assignment giving authority to sell “ for cash, or upon a credit, or partly for cash and partly upon a credit,”, has been adjudged void. (Nicholson v. Leavitt, 2 Seld., 510.) If this property had been seized by the sheriff, he could have exercised a just discretion, within the time allowed bylaw, to have so disposed of the property as to have prevented a sacrifice, if possible; but he would have been.destitute of power to sell it upon a credit, unless by the consent of the plaintiffs in the execution. The assignees may exercise the same discretion, and if they delay too long, any creditor having an interest in the trust, may institute proceedings to compel them to sell or account for the property.
I am of opinion that the judgment should be affirmed.
Comstock and Seldem, Js., dissented, holding, for the reasons assigned by Selden, J., in Dunham v. Waterman (17 N. Y., 9), that the assignor could not lawfully limit the exercise by the assignee of his sound discretion to sell upon credit," when the fund would be thereby enhanced and the interests of creditors promoted; and that the attempt to impose such a restriction rendered the assignment void.
All the other judges concurring,
Judgment affirmed.